UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUESTRIAN ESTATES LTD. and
EQUESTRIAN ESTATES II, LTD.,

                Plaintiffs,                Case number 06-11034
                                                    Honorable Julian Abele Cook, Jr.

v.

JAFFE RAITT  HEUER & WEISS PC et al. ,

                Defendants.

_____

ORDER

On March 9, 2006, the Plaintiffs, Equestrian Estates LTD and Equestrian Estates II, filed a Complaint in which they charged the Defendants[1] with a variety of civil wrongful acts which center around a parcel of unimproved real estate (totaling 227 acres of land) ("the Property") in Springfield Township, Michigan.[2] On the same day, the Plaintiffs filed an "*Ex Parte* Motion for Temporary Restraining Order and Show Cause."[3] For reasons stated below, the Court (1) denies the Plaintiffs' motion and (2) *sua sponte* dismisses the Complaint against the Defendants for want of jurisdiction.

---

[1] Jaffe Raitt Heuer & Weiss, PC; IRA Jaffe; Jason Horton; Sharon LaDuke; Lawrence Dudek; Howard Schwartz; Diversified Properties Group LLC; Redico Management, Inc.; and John Does, Agents, Associates and Attorneys to be added when known.

[2] Violation of the U.S. Constitution; Due Process; Equal Protection; 42 U.S.C.§ 1983; Fraudulent Conveyance; Quiet Title; Slander of Title; Tortious Interference with Business Relationship; Abuse of Process; Intentional Infliction of Emotional Distress; Fraud; Breach of Fiduciary Duty; Civil Racketeering, 18 U.S.C. § 1961; Racketeering Conspiracy, 18 U.S.C. § 1961(d).

[3] On March 10, 2006,  Judge Robert Cleland reassigned the instant litigation to this Court pursuant to E.D. Mich. LR 83.11(b)(7)(A).

On February 7, 2005, in the related matter of *Lawrence Coleman v. Jason Horton et al.*, 05-73200,[4] this Court dismissed a complaint, which parallels to the Complaint and facts surrounding the instant matter, against Jason Horton,[5] et al., for lack of jurisdiction.[6] The Court proffered two reasons for its dismissal. First, in light of the pending bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan filed by Equestrian Estates, in which it claimed ownership to the Property, the *Coleman* complaint was "filed in violation of existing federal law which mandates the imposition of an automatic stay [over the claimed property] whenever a petition for protection under the bankruptcy laws of the United States is filed." Feb. 7, 2005 Order at 9. Second, as required by Michigan Law, Lawrence Coleman, who identified himself as a limited partner of Equestrian Estates, failed to obtain the requisite authority from the Wayne County Circuit Court (as the appointing entity of the receiver, Jason Horton) to initiate a lawsuit against the receiver.

Insofar as the instant matter resolves around the same allegations and facts as in *Coleman v. Horton*,[7] the Court concludes that the Plaintiffs' Complaint must be, and is, dismissed for want of jurisdiction without prejudice. Hence, a ruling by this Court on the merits of the Plaintiffs' motion for temporary injunction will be denied for mootness.

---

[4] Lawrence Coleman is a limited partner in Equestrian Estates.

[5] Jason Horton was appointed receiver by Michigan State Judge Kathleen MacDonald to sell the martial estate (including the Property) of the *Reed v. Reed* divorce matter.

[6] On March 3, 2006, the Court reaffirmed its ruling in the Order dated February 7, 2005.

[7] It should be noted that, unlike in *Coleman v. Horton*, the Plaintiffs have added Jaffe, Raitt, Heuer & Weiss, PC., IRA Jaffe, Diversified Properties Group LLC, and Redico Managements, Inc. as Defendants in the instant matter. Notwithstanding, insofar as the claims asserted against these Defendants revolve around the same property and allegations as in *Coleman v. Horton*, this matter must be, and is, dismissed against these Defendants as well.

IT IS SO ORDERED.


DATED:     March 13, 2006                              s/ Julian Abele Cook, Jr.
           Detroit, Michigan                           JULIAN ABELE COOK, JR.
                                                       United States District Judge




Certificate of Service

I hereby certify that on March 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s) and a copy of order hand delivered to attorney Francois Nabwangu.

                                                       s/ Kay Alford
                                                       Courtroom Deputy Clerk